# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF OHIO

| | |
|---|---|
| GINA WEISBLAT,<br>  2358 Ardleigh Drive<br>  Cleveland Heights, OH  44106<br><br>    Plaintiff,<br><br>v.<br><br>JOHN CARROLL UNIVERSITY<br>  c/o its Statutory Agent,<br>  Colleen Treml<br>  1 John Carrol Blvd<br>  University Heights, OH  44118<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, GINA WEISBLAT, through undersigned counsel, submits this Complaint against Defendant, JOHN CARROLL UNIVERISTY, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

## PARTIES

2. Dr. Gina Weisblat ("Weisblat") is an individual residing in Cuyahoga County, Ohio.

3. Defendant John Carroll University ("JCU") is an Ohio non-profit corporation residing in and doing business in Cuyahoga County, Ohio.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and/or insurers of the Defendant JCU.

**JURISDICTION AND VENUE**

5. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of Ohio and/or Defendant transacts business in the State of Ohio and/or Defendant otherwise has availed itself of the State of Ohio's laws.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or Defendant is a corporate defendant whose contacts with this district are sufficient to subject it to this Court's personal jurisdiction.

**FACTUAL ALLEGATIONS**

8. Plaintiff incorporates by reference all the paragraphs, whether above or below, as though each has been fully stated herein.

9. Weisblat is a nationally-renowned social science researcher with numerous writings, teachings, and research studies in fields including health citizenship, public health policy, social health disparities, and advancing the talents and skills of underrepresented and underprivileged populations.

10. Weisblat has been a faculty member at, *inter alia*, Baldwin Wallace University, John Carroll University, and was the in the Department of Family and Community Medicine, as well as the Director of Education for Service (Dean's Office), at Northeast Ohio Medical University ("NEOMED").

11. Weisblat is a National Kresge Scholar, winning this distinction with her Asset-Based Paradigm model, and a National Scholar for Innovation and Academic Excellence for the

Sullivan Alliance.

12. Weisblat has been the Principal Investigator or Co-Principal Investigator for multiple grants related to community health, community engagement, community development, and health citizenship.

13. In addition to her numerous accolades, Weisblat has engaged in community advocacy and managed a large portfolio of grant funded programs, including the Health Professions Affinity Community program ("HPAC"), which is a pipeline health-care professional program for the youth that is partially funded by AmeriCorps.

14. Plaintiff designed and led the AmeriCorps HPAC program and was employed as the program's Principal Investigator ("PI").

15. The AmeriCorps HPAC grant program was hosted by various institutions, including NEOMED, Baldwin Wallace University, and, most recently, JCU.

16. Weisblat is the author and claimant of copyright registration TXu002317331 entitled *Health Professions Affinity Community* (the "Copyrighted Work" or the "Work"). **_Exhibit A enclosed is a true and accurate copy of this Copyright Registration Certificate. Exhibit B enclosed is a true and accurate copy of the Copyrighted Work._**

17. The Copyrighted Work was registered on or about May 13, 2022 and forms a portion of Weisblat's creative and literary intellectual property that was part of the AmeriCorps HPAC grant program.

18. Plaintiff's ability to obtain future research grants depends upon not only on her credentials but also upon receiving proper credit for activities she has developed or performed, past, present, and in the future.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

19. Plaintiff incorporates by reference all the paragraphs, whether above or below, as though each has been fully stated herein.

20. Plaintiff worked for Defendant as PI for the AmeriCorps' HPAC program until approximately November 2020, at which time Plaintiff was discharged without cause.

21. Plaintiff owns a valid copyright in the Work.

22. Defendant has not licensed the Work nor is it authorized to use the Work.

23. Defendant continues to use the Work and receives funding from the AmeriCorps Grants as a direct and proximate result of the Work.

*24.* Defendants use of the Work includes an "Individualized Goal Plan" that is part of a program. ***See a true and accurate comparison of the Defendant's infringing use, attached as "Exhibit C" and incorporated by reference herein.***

25. Exhibit D, attached to and made part of this Complaint, is a comparison of the Defendant's infringing use and the Work itself.

26. Defendant uses the Work without consent or authorization from Plaintiff, and by doing so is in violation of 17 U.S.C. § 501.

27. Upon information and belief, Plaintiff alleges that Defendant has and continues to willfully infringe upon Plaintiff's copyrighted Work in violation of Title 17 of the U.S. Code because, *inter alia*, Defendant used, published, communicated, posted, publicized, and/or otherwise held Plaintiff's original and unique Work out to the public for commercial benefit, without Plaintiff's consent or authority.

28. Defendant knew, or reasonably should have known, that it did not have a legitimate license nor authorization to use the Work after terminating Plaintiff's position as PI.

29. As a result of JCU's violations of Title 17 of the U.S. Code, Weisblat has suffered significant injury and irreparable harm.

30. As a result of JCU's violations of Title 17 of the U.S. Code, Weisblat is entitled to any actual damages pursuant to 17 U.S.C. § 504(b), and/or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

31. As a result of JCU's violation of Title 17 of the U.S. Code, the Court, in its discretion, may allow Plaintiff to recover the full costs of this litigation from Defendant, as well as reasonable attorney's fees as part of the costs pursuant to 17 U.S.C § 505.

32. Weisblat is also entitled to injunctive relief against JCU to prevent or restrain infringement of her copyrighted Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a) For a finding that Defendant infringed Plaintiff's copyright interest in the Work by using, publishing, copying, displaying, distributing, and/or otherwise held Plaintiff's original and unique Work out to the public for commercial benefit without a license or proper authorization;

b) For an award of actual damages and disgorgement of all profits attributable to the infringement, as provided by 17 U.S.C. §504(b), in an amount to be proven; or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c) For costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

d) For an injunction preventing Defendant from further infringing upon of all of Weisblat's copyrighted works pursuant to 17 U.S.C. § 502;

e) For prejudgment and post judgment interest as allowed by law; and,

f) For any other relief the Court deems just and proper.

Dated: October 30, 2022

          Respectfully submitted,

**GUGLIOTTA & GUGLIOTTA, LPA**

*/s/ John D. Gugliotta*
John D. Gugliotta (0062809)
Nathan Gugliotta (0096962)
3020 W. Market Street
Akron, OH 44286
Phone: (330) 253-2225
Fax: (330) 253-6658
eMail:  johng@inventorshelp.com
        Nathan@inventorshelp.com

*Attorney for Plaintiff*

## *VERIFICATION*

STATE OF OHIO

COUNTY OF CUYAHOGA

ss:

    I, Gina Weisblat, have read the annexed complaint and know the contents of it and the same to be true to my knowledge, except those matters which are on information and belief, and to those matters, I believe them to be true.

    I affirm the forgoing statements are true under penalties of perjury.

*gina weisblat*
Gina Weisblat

Sworn before me this ___ day of October, 2022

_____
Notary Public

## DEMAND FOR JURY TRIAL

Plaintiff, Gina Weisblat, hereby demands a trial by jury in the above matter.

Dated: October 30, 2022

    Respectfully submitted,

**GUGLIOTTA & GUGLIOTTA, LPA**

s/ *John D. Gugliotta*
John D. Gugliotta (0062809)
Nathan Gugliotta (0096962)
3020 W. Market Street
Akron, OH 44286
Phone: (330) 253-2225
Fax: (330) 253-6658
eMail:  johng@inventorshelp.com
        nathan@inventorshelp.com

*Attorney for Plaintiff*