UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DR. GINA WEISBLAT,<br><br>                Plaintiff,<br><br>         v.<br><br>JOHN CARROLL UNIVERSITY,<br><br>                Defendant. | Case No. 1:22-cv-02064-JPC<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge Jonathan D. Greenberg |

**DEFENDANT JOHN CARROLL UNIVERSITY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The evidence[1] that Plaintiff Dr. Gina Weisblat ("Plaintiff") submitted with her Brief in Opposition to Defendant John Carroll University's ("JCU") Motion for Summary Judgment (ECF No. 34) is the final nail in the coffin of her copyright claim.

As explained in detail below, Plaintiff fails to meet her burden to prove, through her submitted evidence, that the *de minimis* language allegedly common to the 2013 AmeriCorps application of Northeast Ohio Medical University ("NEOMED") (the "2013 Application") at issue and the "Individualized Goal Plan" ("IGP") of JCU are "original" and copyrightable. In fact, Plaintiff's evidence actually proves that the work-for-hire doctrine applies to the 2013 Application and that Plaintiff has never owned copyright to that application. Indeed, Plaintiff's evidence proves that, if anything, the rights that NEOMED had to the 2013 Application are in the public domain and Plaintiff erroneously filed a registration for it with the U.S. Copyright Office. For these

---

[1] Plaintiff filed her Brief in Opposition and exhibits as a single PDF document. For this reason, JCU must use ECF PageID references when pin-citing Plaintiff's exhibits in this Reply Memorandum.

reasons, Plaintiff's copyright claim and Complaint should be dismissed and JCU's Motion for Summary Judgment should be granted.

I. **Plaintiff cannot use copyright law to monopolize the idea and concept of AmeriCorps-funded programs.**

Plaintiff's Brief in Opposition and her submitted evidence only confirm Plaintiff's true intent in pursuing this lawsuit—Plaintiff seeks to use copyright law in order to monopolize the concept of AmeriCorps-funded programs, like the HPAC Program. (ECF No. 34, Pl.'s Br. in Opp. at 6, 10 ("JCU . . . . merely seeks to steal Ms. Weisblat's career work and claim it as its own."); *id.*, Pl.'s Decl. at 15 ¶ 6).[2] However, the authority cited in JCU's Motion for Summary Judgment makes clear that ideas and concepts such as the HPAC Program are not copyrightable as a matter of law. (*See generally*, ECF No. 30, Def.'s Mot. Summ. J. at 9-12). Plaintiff fails to directly address, let alone refute, JCU's authority on this point in her Brief in Opposition and even cites authority *confirming* it. (ECF No. 34, Pl.'s Br. in Opp. at 9). In fact, Plaintiff even defines HPAC as an *idea*. (ECF No. 30-1 ¶ 9, Ex. 8 at 9 ("I was employed by Northeast Ohio Medical University . . . when I finalized the *idea* of HPAC . . . .) (emphasis added)). Thus, to the extent Plaintiff's real goal is to prevent JCU or anyone else from applying for grants for these kinds of programs, she cannot do so through copyright law.

II. **The *de minimis* language common between the 2013 Application and the IGP is not copyrightable**.

As the HPAC Program *concept* is not copyrightable, Plaintiff's claim is thus limited to the alleged infringement of seven, fragmented phrases from the 2013 Application discussed in Plaintiff's Brief in Opposition. (*See* ECF No. 34, Pl.'s Br. in Opp. at 7-8; *see also* ECF No. 30,

---

[2] Plaintiff filed a grievance with NEOMED and sued University Hospitals as well. Filing grievances and lawsuits is Plaintiff's *modus operandi*. (*See* ECF No. 34, Pl.'s Br. in Opp. at 80 ¶ 1).

Def.'s Mot. Summ. J. at 7-8). In other words, Plaintiff seeks millions of dollars in alleged damages and is engaging in costly litigation over the use of a *de minimis* amount of language and for grant funding she was never entitled to receive in the first place. But Plaintiff's claim based upon this *de minimis* language also fails because this language, like the HPAC Program concept, cannot be copyrighted as "unoriginal."

        **a. The articles that Plaintiff submitted with her Brief in Opposition disprove her ownership of copyright to the 2013 Application, as a threshold issue.**

As a threshold issue, the articles submitted with Plaintiff's Brief in Opposition confirm her lack of ownership of copyright to the 2013 Application and any language found in it. This lack of ownership is fatal to her copyright infringement claim.

Plaintiff asserts that the *de minimis* language common to the 2013 Application and the IGP is derived from the several articles attached to her Brief in Opposition (ECF No. 34, Pl.'s Br. in Opp. at 7-8; *id.* at PageID Nos. 18-79. *See also id.,* Pl's. Decl. at ¶¶ 14-21). Thus, Plaintiff is taking the position that the 2013 Application is a *derivative work* from those original articles. (*Id.*). Putting aside the fact that these relied-upon articles do not actually contain the language specifically discussed in her Brief in Opposition (*see* Ex. A, Declaration of Emma Sleva ("Sleva Decl.") at ¶¶ 2-3), Plaintiff fails to present evidence of her ownership of copyright to those "original" articles, through valid copyright registrations. In fact, Plaintiff is *not* a listed author or owner on the copyright registration for The New American City Faces Its Regional Future: A Cleveland Perspective (Urban Policy Studies) (Sleva Decl. ¶ 4 and Ex. 1) and the U.S. Copyright Office does not appear to have registrations for Plaintiff's other relied-upon articles. In fact, Plaintiff is, at most, only the co-author of these articles, upon plain review of them. (ECF No. 34, Pl's. Br. in Opp. at PageID Nos. 18-79). The mere existence of these articles and Plaintiff's alleged collaboration in their creation do not prove that she owns copyright to them—Plaintiff has the

3

burden to proffer *actual copyright registrations*. 17 U.S.C.A. § 411 (stating "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"); *see also*, ECF No. 30, Def.'s Mot. Summ. J. at 12; *Unicolors, Inc. v. H&M Hennes & Mauritz*, L.P., 595 U.S. 178, 20–915 (2022); *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,* 586 U.S. 296, 302-03 (2019).

As a result of this failure to proffer copyright registrations for the articles, Plaintiff fails to meet her burden to prove ownership of copyright for the 2013 Application, as a derivative work of those articles. *See, e.g., Tomelleri v. SunFrog, LLC*, No. 1:23-CV-10370, 2024 WL 940238, at *2 (E.D. Mich. Mar. 5, 2024) (acknowledging that "[t]he modern Copyright Act, 17 U.S.C. § 101 *et seq.*, provides a private right of action for *copyright owners* against '[a]nyone who violates any exclusive rights' provided to the owner under the Act, such as the right to reproduce or distribute the copyrighted work, or the right to *prepare derivatives*.") (emphasis added) (citations omitted).[3]

       **b. Similar to the HPAC concept, the *de minimis* language from the 2013 Application is not copyrightable subject matter**.

Even if Plaintiff had met her burden and proffered valid copyright registrations for these "original" articles, Plaintiff still fails to show that the phrases allegedly common to the 2013 Application and the IGP and identified in her Brief in Opposition are "original," due to some minimal degree of creativity. "Originality" means, first, that the work was independently created by the author and, second, that it possesses some minimal degree of creativity. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). As to the first prong, as stated in Section II(a) above, Plaintiff fails to meet this burden.

---

[3] Indeed, by now claiming that the 2013 Application is a derivative work, Plaintiff has all but conceded that her copyright registration for the 2013 Application is based upon erroneous information and is void (ECF No. 30, Def.'s Mot. Summ. J. at 11-12).

4

Plaintiff also fails the second "originality" prong contemplated in *Feist Publ'ns*. Plaintiff bears the burden to prove that the common phrases used in the 2013 Application and the IGP—containing facts, ideas, and concepts about the HPAC Program, on their face—possess a minimal degree of creativity. She fails to do so. 17 U.S.C.A. § 102(b); *Feist*, 499 U.S. at 359; *Pelt v. CBS, Inc.*, Case No. CV-92-6532, 1993 WL 659605, at *2 (C.D. Cal. Oct. 25, 1993). Plaintiff dedicates most of her Brief in Opposition to discussing how her career activities and accolades prove the originality of the 2013 Application. (ECF No. 34, Pl.'s Br. in Opp. at 5-6; *id.*, Pl.'s Decl. at 17 ¶ 22). However, this evidence does not prove originality as a matter of law. *See Feist*, 499 U.S. at 359 (holding that "sweat of the brow" is not copyrightable); s*ee also*, ECF No. 30, Def.'s Mot. Summ. J. at 9-10.

Plaintiff further fails to provide any analysis, evidence, or authority on how the mostly incomplete sentences and broken phrases common to the 2013 Application and IGP are, in fact, original—she merely cites them and then so concludes. (ECF No. 34, Pl's. Br. in Opp. at 7-8; *id.* at 17 ¶ 22). However, these phrases are about the HPAC Program and are conceptual and factual in nature on their face, lacking the requisite originality to be copyrightable as a result. 37 C.F.R. § 202.1; *Narrell v. Freeman,* 872 F.2d 907, 911 (9th Cir.1989); *Pelt*, 1993 WL 659605 at *3; *Kohus v. Mariol,* 328 F.3d 848, 856 (6th Cir. 2003) ("[w]hen there is essentially only one way to express an idea, the idea and its expression are inseparable [i.e., they merge,] and copyright is no bar to copying that expression.") (*citing Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.,* 843 F.2d 600, 606 (1st Cir.1988)). A lack of protected expression is a sufficient basis for granting summary judgment, without more evidence of "originality" for these phrases. *Narrell,* 872 F.2d at 907; *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48, 52 (2d Cir.1986), *cert. denied*, 476 U.S. 1159 (1986). Plaintiff cannot conclude that these *de minimis* incomplete sentences and phrases are

5

original to meet her burden without more, as she does in her Brief in Opposition (*see* ECF No. 34, Pl.'s' Br. at Opp. at 7; *id.*, Pl.'s Decl. at 15 ¶ 6).

### III. Plaintiff's submitted evidence also proves that the work-for-hire doctrine applied and that Plaintiff does not own copyright to the 2013 Application.

Contrary to Plaintiff's assertions, the "Separation Agreement and Mutual Release" (the "Agreement and Release") and the affidavit of NEOMED's General Counsel, Maria Schimer ("Schimer") (ECF No. 34; *id.* at PageID Nos. 80-89) do not support her copyright infringement claim but are, instead, fatal to it. This surprise evidence—Plaintiff neither produced the Agreement and Release nor disclosed Schimer as a possible witness—only serves to *disprove* Plaintiff's ownership of copyright to the 2013 Application.

The application of the work-for-hire doctrine to the 2013 Application is undisputed and is first proven by Plaintiff's own admissions and concessions, as an initial matter. Plaintiff admits that she worked for NEOMED when she contributed to the 2013 Application (ECF No. 34, Pl.'s Br. in Opp. at 5-6; *id.*, Pl.'s Decl. at 14-17 ¶ 6) and Schimer confirms this fact, specifically attesting that Plaintiff prepared the work while she was an employee (*id.*, Schimer Aff., PageID No. 89 ¶ 1). The 2013 Application itself notes "NEOMED" as the Applicant. (ECF No. 30, Def.'s Mot. Summ. J., Ex. 9 *citing* ECF No. 2-2). Plaintiff does not refute JCU's evidence that she worked for NEOMED when she prepared the 2013 Application (*id.* at 3-4) and does not deny that the 2013 Application was prepared for NEOMED. Thus, the following fact is undisputed—any contribution to the 2013 Application by Plaintiff was made as NEOMED's employee. NEOMED owned copyright to that application under the work-for-hire doctrine, as a result. 17 U.S.C.A. § 201(b). NEOMED owned the copyright (*see generally*, ECF No. 30 at 10-11) when JCU created the IGP and *still* owned it when Plaintiff erroneously sought to register it with the U.S. Copyright Office on April 1, 2022 (*id.* at 5-6).

6

The plain terms of the Agreement and Release also support the application of the work-for-hire doctrine and, at the same time, demonstrate Plaintiff's lack of ownership of copyright to the 2013 Application. (ECF No. 34, Pl.'s Br. in Opp. at 10-12; *id.* PageID Nos. 80-88).

Contrary to Plaintiff's assertions, the Agreement and Release is not the kind of "clear writing" which Plaintiff concedes is required for an assignment or to avoid the work-for-hire doctrine. 17 U.S.C.A. § 201(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."). A copyright assignment requires a clear writing setting forth that assigned right. (*See* ECF No. 30 at 11). Likewise, waiver of the work-for-hire doctrine requires a clear writing to that effect. (*Id.*).

However, the Agreement and Release is *neither*. Instead, the Agreement and Release is an employment-related agreement which governed the end of Plaintiff's position with NEOMED in March 2018 (*see generally*, ECF No. 34 at PageID Nos. 80-88). As to AmeriCorps grants, the Agreement and Release generally discusses a specific list of NEOMED grants (*id.* at 81-82 ¶ 6(b)); notes that Plaintiff is or can become the "Principal Investigator/Director" of those specific grants (*id.* ¶ 6(b)(iv)); indicates that Plaintiff can request extensions and plan for work on them (*id.* at 82, ¶ 6(b)(v)); notes that Plaintiff can request the transfer of unexpired grants to another qualified institution (*id.* ¶ 6(b)(vi)); and indicates that Plaintiff is required to cooperate with NEOMED with respect to reporting and communication requirements as to those grants (*id.* ¶ 6(b)(vii)-(ix)). However, contrary to Plaintiff's reading of this *employment-related* Agreement and Release, it does not even contain the words "work-for-hire," "copyright," or "intellectual property"—let alone clearly assign copyright to Plaintiff or except NEOMED's rights under the work-for-hire doctrine. In fact, this Agreement and Release does not mention the 2013 Application *whatsoever.*

Plaintiff fares no better in this regard by submitting Schimer's affidavit, which is likewise fatal to her copyright claim. (ECF No. 34 at PageID. No. 89). First, Schimer's sole attestation about the Agreement and Release states that NEOMED granted Plaintiff *rights to use* intellectual property "while an employee of NEOMED"—this stands to reason, as Plaintiff had ongoing obligations relating to the grants listed in the Agreement and Release. (*Id.* at PageID 81-82 at ¶ 6(b)(iv)) [4]. Schimer does *not* attest, however, that NEOMED actually assigned to Plaintiff ownership of copyright to the 2013 Application. Nor does Schimer attest that NEOMED relinquished work-for-hire copyright through the Agreement and Release.

Moreover, Schimer only attests that, *as of July 8, 2024*—the date of her affidavit—NEOMED "does not assert any copyright ownership" for Plaintiff's "work on the Ameri Corp (sic) Program" (ECF No. 34 at 89 ¶ 4). Schimer does not, however, attest that NEOMED actually *assigned copyright to the 2013 Application to Plaintiff*. Without that express assignment, the 2013 Application is not owned by Plaintiff but is, rather, in the public domain. *See* RESTATEMENT OF THE LAW, COPYRIGHT § 54 TD No 3 (2022) ("Abandonment [of copyright] shares characteristics with transfers (including exclusive licenses) in that an abandonment affects who is the owner of the copyright. In the case of abandonment, *there is no longer an owner of the abandoned rights*.") (emphasis added).

And even assuming Schimer's attestations were somehow sufficient to actually assign Plaintiff ownership of copyright to the 2013 Application, that ownership would still only be as *of July 8, 2024*, the date of Schimer's affidavit. This July 8, 2024 date is not only years after JCU prepared the IGP but also years after Plaintiff erroneously sought to register the 2013 Application

---

[4] The Agreement and Release does not actually contain the purported "right to use … intellectual property" language to which Schimer attested.

with the U.S. Copyright Office. NEOMED owned copyright to the 2013 Application when JCU created the IGP—not Plaintiff, and Plaintiff does not have the standing to claim any harm from use that occurred prior to July 8, 2024 and before any purported rights were created by Schimer's affidavit. Plaintiff cannot meet her threshold burden of proving copyright ownership and Schimer's affidavit, like Plaintiff's other evidence, only confirms this fact.

## CONCLUSION

While Plaintiff attempts to create a genuine issue of material fact by accusing JCU of "plagiarizing" the 2013 Application (ECF No. 34, Pl.'s Br. in Opp. at 8),[5] attacking Anita Fakhoury's declaration (*id.* at 6), and attacking Rachel Smoot's declaration (*id.* at fn. 1; *but see* ECF No. 30, Def.'s Mot. Summ. J. at 2 (discussing judicial notice of government websites)), Plaintiff's accusations are not only without merit and false but are also futile, based upon her own evidence. No genuine issue of material fact exists as to the following conclusions based upon Plaintiff's submitted evidence: Plaintiff fails to meet her burden to prove that the *de minimis* language from the 2013 Application is "original" and to prove that she owns the copyright for the 2013 Application. For these reasons, Plaintiff's copyright claim and Complaint should be dismissed.

Dated: July 22, 2024                                        Respectfully submitted,

                                                            */s/ Philip R. Bautista*
                                                            Philip R. Bautista (0073272)
                                                            pbautista@taftlaw.com
                                                            TAFT STETTINIUS & HOLLISTER LLP
                                                            200 Public Square, Suite 3500
                                                            Cleveland, Ohio 44114
                                                            Phone: (216) 241-2838
                                                            Fax: (216) 241-3707

---

[5] AmeriCorps has never notified JCU of "plagiarism." In any event, Plaintiff provided a license of the 2013 Application to AmeriCorps and impliedly licensed it to JCU (*see* ECF No. 30, Def.'s Mot. Summ. J. at 13-14), refuting Plaintiff's contentions.

9

Leon D. Bass (0069901)
lbass@taftlaw.com
Rachel A. Smoot (0092296)
rsmoot@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
Phone: (614) 221-2838
Fax: (614) 221-2007

*Attorneys for Defendant,
John Carroll University*

**CERTIFICATION IN COMPLIANCE WITH WORD COUNT**

The undersigned hereby certifies pursuant to Local Rule 7.1, this memorandum adheres to the word count limitation applicable to memoranda relating to dispositive motions in cases assigned to the standard track pursuant to this Court's Standing Order dated January 2, 2024.

                                                    */s/ Philip R. Bautista*
                                                    Philip R. Bautista (0073272)

                                                    *One of the attorneys for Defendant,*
                                                    *John Carroll University*

## CERTIFICATE OF SERVICE

I certify that on July 22, 2024, JCU filed the foregoing Reply Memorandum in Support of Motion for Summary Judgment electronically through the Court's electronic filing system. Notice of this filing will be sent to all registered parties by operation of this electronic filing system. Parties may access this filing through the Court's system.

                                                      */s/ Philip R. Bautista*
                                                     Philip R. Bautista (0073272)

                                                     *One of the attorneys for Defendant,*
                                                     *John Carroll University*

134151593