**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DR. GINA WEISBLAT, | |
|            Plaintiff, | Case No. 1:22-cv-02064-JPC |
| v. | Judge J. Philip Calabrese |
| JOHN CARROLL UNIVERSITY, | |
|            Defendant. | |

**DEFENDANT JOHN CARROLL UNIVERSITY'S**
**SUPPLEMENTAL MOTION FOR ATTORNEY FEES AND COSTS**

Pursuant to 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d), Defendant John Carroll University ("JCU") respectfully supplements its Motion for Attorney Fees for an award of its attorney fees and costs incurred in connection with filing that Motion, in the amount of $37,901.20. JCU previously notified the Court of its intention to bring this supplemental Motion for Fees in its original Motion. (ECF No. 38 at PageID# 724 n. 2.) JCU has attached its Memorandum in Support of its Supplemental Motion for Attorney Fees and Costs and supporting exhibits.

Dated: November 26, 2024            Respectfully submitted,

*/s/ Rachel A. Smoot*
Philip R. Bautista (0073272)
pbautista@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
Phone: (216) 241-2838
Fax: (216) 241-3707

Leon D. Bass (0069901)
lbass@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
Phone: (614) 221-2838
Fax: (614) 221-2007

Rachel A. Smoot (0092296)
rsmoot@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
Phone: (614) 221-2838
Fax: (614) 221-2007

*Attorneys for Defendant,*
*John Carroll University*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DR. GINA WEISBLAT, | |
| Plaintiff, | Case No. 1:22-cv-02064-JPC |
| v. | Judge J. Philip Calabrese |
| JOHN CARROLL UNIVERSITY, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JOHN CARROLL UNIVERSITY'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES AND COSTS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................II
INTRODUCTION ........................................................................................................................... 1
FACTS ............................................................................................................................................ 1
LAW AND ARGUMENT .............................................................................................................. 2
CONCLUSION ............................................................................................................................... 4

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Broadcast Music, Inc. v. Prana Hospitality, Inc.*,
  158 F.Supp.3d 184 (S.D.N.Y. 2016)........................................................................................3

*Christen v. Continental Enters., Ltd.*,
  154 N.E.3d 1192 (Ohio Ct. App. 2020)...................................................................................3

*Fantasy Inc. v. Fogerty*,
  No. C 85-4929-SC, 1995 WL 261504 (N.D. Cal. May 2, 1995)..........................................2, 4

*Grove v. Gamma Ctr., Inc.*,
  No. 9–12–41, 2013 WL 1799937 (Ohio Ct. App. Apr. 29, 2013)........................................3, 4

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ...........................................................................3

*Lanci v. Medical Mut. of Ohio*,
  1:08CV1575, 2011 WL 1792557 (N.D. Ohio May 10, 2011)..................................................3

*Monclova Christian Academy v. Toledo – Lucas Cty. Health Dept.*,
  Case No. 3:20-cv-2720, 2023 WL 4419245 (N.D. Ohio July 10, 2023).................................3

*Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)) ..................................2

*Prof. LED Lighting, Ltd. v. Aadyn Tech. LLC*,
  Case No. 14-cv-61376-BLOOM/VALLE, 2015 WL 11570970
  (S.D. Fla. July 22, 2015).........................................................................................................3

*Prunty v. Vivendi*,
  195 F.Supp.3d 107 (D.D.C. 2016)...........................................................................................3

*Thoroughbred Software Int'l, Inc. v. Dice Corp.*,
  488 F.3d 352 (6th Cir. 2007) ...................................................................................................2

*White v. Sports and Custom Tees, Inc.*,
  Case No. 22-10218, 2023 WL 2810834 (E.D. Mich. Apr. 6, 2023).........................................2

## INTRODUCTION

As detailed in Defendant John Carroll University's ("JCU") Motion for Attorney Fees ("Motion for Fees") (ECF No. 38), Plaintiff Gina Weisblat ("Weisblat") advanced a copyright infringement claim against JCU based upon unregistrable subject matter. (*See generally* ECF No. 36.) Weisblat forced JCU to expend significant attorney fees in order to defend itself against her baseless claim.

JCU eventually prevailed on summary judgment on Weisblat's claim and, as a result, filed its Motion for Fees, seeking an attorney fees award (ECF No. 38.) Attorney fee awards are granted routinely to prevailing parties in copyright infringement cases, as noted in JCU's Motion for Fees. In that Motion, JCU also indicated its intent to seek reasonable attorney fees incurred as a result of preparing and filing its Motion for Fees—a "fees-on-fees" motion. (*Id.* at PageID# 724 n. 2.) JCU submits this Supplemental Motion for Fees and Costs in the amount of $37,901.20.

## FACTS

JCU requests an additional $32,901.20 in attorney fees and $5,000 in costs in connection with its preparation of the "fees-on-fees" Motion for Fees, incurred in the month of September 2024.[1] (Ex. 1, Decl. of Philip Bautista ¶ 1, Ex. A, Ex. B).

As with the case in general, Taft approached its staffing on preparing and briefing the Motion for Fees as cost-efficiently as possible. Mr. Bautista and Ms. Smoot, two lawyers with significant experience in copyright and other intellectual property litigation (ECF No. 38-2 at PageID# 772-73) and who had the most foundational knowledge of the case, undertook most of the briefing responsibilities for the Motion for Fees, as with most tasks in defense of JCU throughout the case. (Ex. 1 ¶ 19.) Taft partner Tracy Betz, also assisted with the Motion for Fees,

---

[1] JCU incorporates by reference the Facts submitted in support of the reasonableness of its Motion for Attorney Fees (ECF No. 38 at PageID# 719-25) and Reply Memorandum in Support of that Motion (ECF No. 43).

1

given her experience in preparing and filing motions for attorney fees, including recently in *Forest River, Inc. v. inTech Trailers, Inc.*, 3:21-cv-645 (N.D. Ind.), for which Judge Damon Leichty granted an attorney fees award to Taft's client, Forest River, Inc. (*Id.*) Taft attorneys Leon Bass and Daniel Platek assisted with preparation of the Motion for Fees as well. (*Id.*)

Regarding billing rates charged for the preparation of the Motion for Fees, the rates of Mr. Bautista, Ms. Smoot, and Mr. Bass remained the same, discounted rates utilized throughout the case. (*Id.* ¶ 20.) Ms. Betz's billing rate was also discounted almost twenty percent, from an original amount of $645 to the same discounted rate of Mr. Bautista, $520. Mr. Platek's billing rate was also discounted from $350 to $320, an almost ten percent discount. (*Id.*) Weisblat did not challenge the reasonableness of the billing rates of the Taft attorneys who helped defend JCU in the case in her Memorandum in Opposition to the Motion for Fees. (ECF No. 42.) Nor did Weisblat challenge the reasonableness of the total amount of JCU's fees incurred in the Motion for Fees. (*Id.*)

**LAW AND ARGUMENT**

The Copyright Act provides that this Court may award reasonable attorney fees to JCU, as the "prevailing party." 17 U.S.C. § 505. The United States Court of Appeals for the Sixth Circuit has stated that attorney fees are "routinely" awarded in copyright infringement cases. *See Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007). Sixth Circuit courts have also acknowledged that a prevailing party in a copyright infringement case may obtain an award for reasonable attorney fees incurred in *preparing* a motion for an award of attorney fees, as sought here. *See, e.g., White v. Sports and Custom Tees, Inc.*, Case No. 22-10218, 2023 WL 2810834, at *9 (E.D. Mich. Apr. 6, 2023) (citing *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)). *Accord Fantasy Inc. v. Fogerty*, No. C 85-4929-SC, 1995 WL 261504, at *7 (N.D. Cal. May 2, 1995) (awarding fees-on-fees to defendant as prevailing party in Copyright

2

Act action); *Prof. LED Lighting, Ltd. v. Aadyn Tech. LLC*, Case No. 14-cv-61376-BLOOM/VALLE, 2015 WL 11570970, at *8 (S.D. Fla. July 22, 2015) (concluding "that the award of fees on fees to a prevailing copyright litigant is consistent with the legislative purpose of the Copyright Act" and acknowledging Eleventh Circuit case law supports fees-on-fees awards); *Prunty v. Vivendi*, 195 F.Supp.3d 107, 117 (D.D.C. 2016) (awarding reduced fees-on-fees award to prevailing defendants in copyright infringement action).

"The party seeking attorneys' fees 'bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Broadcast Music, Inc. v. Prana Hospitality, Inc.*, 158 F.Supp.3d 184, 201 (S.D.N.Y. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). A party seeking attorney fees can meet that burden through submission of records of itemized time entries and itemized costs. *Id.* at 200. Further, courts recognize that fees and costs incurred to engage an expert to opine on the reasonableness of sought-after attorney fees are reasonable and also recoverable. *See Monclova Christian Academy v. Toledo – Lucas Cty. Health Dept.*, Case No. 3:20-cv-2720, 2023 WL 4419245, at *1-2 (N.D. Ohio July 10, 2023) (awarding prevailing party "fees and costs associated with pursuing the fee recovery" including expert fees incurred); *Lanci v. Medical Mut. of Ohio*, 1:08CV1575, 2011 WL 1792557, at *2 (N.D. Ohio May 10, 2011) (awarding plaintiff full costs related to experts, including an expert who opined on the reasonableness of the fee petition). *Accord Christen v. Continental Enters., Ltd.*, 154 N.E.3d 1192, 1204 (Ohio Ct. App. 2020); *Grove v. Gamma Ctr., Inc.*, No. 9–12–41, 2013 WL 1799937, at *7 (Ohio Ct. App. Apr. 29, 2013) (awarding attorney fees, including expert fees incurred in connection with expert's testimony as to reasonableness and necessity of plaintiff's counsel's rate and hours).

JCU has incurred attorney fees in the amount of $32,901.20 in attorney fees and $5,000 in costs in connection with its in preparation of its Motion for Fees through September 30, 2024. (Ex.

3

1 ¶¶ 7, 19-21.)[2] As detailed in Exhibit 1 to this Supplemental Motion, JCU's counsel engaged in the typical activities needed to prepare a motion for attorney fees and costs: preparing the briefing; preparing an exhibit on two years of billing records for review of the Court; and retaining an expert to opine on the reasonableness of JCU's attorney fees. (*Id.* ¶¶ 21-22.) Such attorney fees and costs are compensable. *See Fogerty*, 1995 WL 261504, at *7 (awarding fees-on-fees to defendant as prevailing party in Copyright Act); *Grove*, 2013 WL 1799937, at *7 (awarding expert costs incurred in connection with testimony as to reasonableness of plaintiff's counsel's fees).

Additionally, the amounts of attorney fees and costs associated with the preparation of the Motion for Fees are reasonable. JCU was charged the same, discounted partner and associates rates used throughout the case for the preparation of the Motion for Fees. (Ex. 1 ¶ 20.) Moreover, the amount charged to JCU for the preparation of the Motion for Fees was meaningfully reduced, as can be seen by the discounted amount of hours used to calculate that amount charged. (*Id.* ¶ 9.) Because of the reasonableness of the attorney fees and costs charged to JCU, this "fees on fees," Supplemental Motion for Fees and Costs should be granted.

## CONCLUSION

The Sixth Circuit permits a prevailing party in a copyright infringement case, such as JCU, to receive an award of its attorney fees, including those incurred to prepare a motion for attorney fees and costs. The sought-after attorney fees and costs in JCU's Supplemental Motion for Fees and Costs are reasonable, similar to those sought through the original Motion for Fees, as demonstrated above and in Exhibit 1. JCU's Supplemental Motion for fees-on-fees should also be granted.

---

[2] JCU is not seeking attorney fees incurred in connection with the Motion for Fees in October and November 2024 or other attorney fees unrelated to this Motion. (*Id.* ¶ 7.)

Dated: November 25, 2024          Respectfully submitted,

*/s/ Rachel A. Smoot*
Philip R. Bautista (0073272)
pbautista@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
Phone: (216) 241-2838
Fax: (216) 241-3707

Leon D. Bass (0069901)
lbass@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
Phone: (614) 221-2838
Fax: (614) 221-2007

Rachel A. Smoot (0092296)
rsmoot@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
Phone: (614) 221-2838
Fax: (614) 221-2007

*Attorneys for Defendant,*
*John Carroll University*

## CERTIFICATE OF SERVICE

I certify that JCU filed the foregoing Supplemental Motion for Fees and Costs electronically, through the Court's electronic filing system. Notice of this filing will be sent to all registered parties by operation of this electronic filing system.

    John F. Burke, III
    BurkesLaw, LLC
    55 Public Square, Suite 2100
    Cleveland, OH 44113
    john@burkeslaw.net

*/s/ Rachel A. Smoot*
*One of the Attorneys for Defendant,*
*John Carroll University*