# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GINA WEISBLAT, ) | Case No. 1:22-cv-02064 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jonathan D. Greenberg |
| JOHN CARROLL UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Previously, the Court granted summary judgment in favor of Defendant John Carroll University. (ECF No. 36.) John Carroll University now moves for its attorneys' fees in a total amount of $213,065.60. For the reasons that follow, the Court **DENIES** Defendant's motions.

### FACTUAL AND PROCEDURAL BACKGROUND

The Court presumes familiarity with the facts, which were set out in its summary judgment ruling. (*See* ECF No. 36.) Following the grant of summary judgment in its favor, Defendant moves for attorneys' fees and costs totaling $213,065.60, seeking $175,164.40 in its original motion (ECF No. 38) and $37,901.20 in a supplemental motion (ECF No. 44). Plaintiff opposes both. (ECF No. 42; ECF No. 46.)

In its initial motion for attorney's fees, Defendant argues that Plaintiff's claim for copyright infringement was frivolous (ECF No. 38, PageID #727–28), she engaged in unreasonable litigation conduct (*id.*, PageID #728), she pursued the case in bad

faith (*id.*, PageID #728–29), and an award of attorney's fees is necessary to deter her filing of other meritless claims against John Carroll University (*id.*, PageID #729–30). Also, Defendant maintains that the fees it requests are reasonable and necessary as compensation. (*Id.*, PageID #730–33.) In support of its motion, Defendant included a declaration identifying the attorneys involved and their associated fees (ECF 38-2, ¶ 2, PageID #768–74) and a time report from December 12, 2022 to July 31, 2024 calculating $175,164.40 in attorneyss fees. (ECF 38-2, PageID #776–90.)

For her part, Plaintiff characterizes the motion for fees as an attempt to use the threat of large legal fees to punish her for and discourage other would-be plaintiffs from pursuing legitimate copyright litigation. (ECF No. 42, PageID #855–56.) Plaintiff alleges that her copyright claim was consistent with the purpose of the Copyright Act and not frivolous or objectively unreasonable. (*Id.*, PageID #863–64.) She contends that she engaged in good-faith settlement negotiations, making an offer that her original counsel led her to believe could resolve the case (*id.*, PageID #857–58), and that John Carroll University retracted its settlement offer after her counsel withdrew (*id.*, PageID #858). Further, Plaintiff argues that the reasonableness of filing her copyright claim was "underscored by the defendant's . . . failure to file a motion for summary judgment until after Plaintiff's counsel had abandoned her." (ECF No. 42, PageID #858.)

After the close of briefing on its motion for attorney's fees, Defendant filed a supplemental motion seeking an additional $37,901.20 in attorney's fees and costs incurred during the preparation of its original motion. (ECF No. 44.) Plaintiff again

2

opposed, arguing that the supplemental motion was untimely and unreasonable. (ECF No. 45.)

## ANALYSIS

Under the American Rule, each party in litigation bears its own attorneys' fees and costs. *Ohio v. United States Dep't of Educ.*, 986 F.3d 618, 631 (6th Cir. 2021). Courts "should not deviate from the American Rule absent explicit statutory authority." *Id.* (quoting *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015)).

### I. Attorneys' Fees

Section 505 of the Copyright Act expressly grants courts the "discretion [to] allow the recovery of full costs," including a "reasonable attorney's fee," to the prevailing party. 17 U.S.C. § 505; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). Courts determine whether to do so based on the totality of the circumstances, examining factors such as "frivolousness, motivation, objective unreasonableness (factual and legal), and the need to advance considerations of compensation and deterrence." *Jones v. Blige*, 558 F.3d 485, 494 (6th Cir. 2009) (quoting *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 893 (6th Cir. 2004)). These factors are nonexclusive, and they need not all weigh in favor of an award to grant fees to a prevailing party. *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008).

"The grant of fees [under Section 505] is the rule rather than the exception and they should be awarded routinely." *Id.* (cleaned up). However, courts should not "automatically" award attorney's fees even to prevailing parties in copyright

3

infringement cases. *Thoroughbred Software Intern., Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007). Instead, "a court must make a more particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016).

Here, the Court finds that the totality of the facts and circumstances do not justify a departure from the traditional American Rule or weigh in favor of awarding attorneys' fees. Although Plaintiff's claim did not survive summary judgment, she pursued her claim in the good-faith, if mistaken, belief that copyright law protected her interests. And she relied on counsel in formulating that belief. "When a plaintiff has advanced a reasonable, yet unsuccessful position, an award of attorney fees to the prevailing defendant generally does not promote the purposes of the Copyright Act." *Diamond Time*, 371 F.3d at 895; *see also Kirtsaeng*, 579 U.S. at 205–08.

Defendant argues that Plaintiff's claim was frivolous and objectively unreasonable because she obtained her copyright registration without identifying Dr. Porfeli as a co-author, alleged copyright over an idea, and misrepresented NEOMED's transfer of intellectual property to her. Rather than demonstrating the need for general or specific deterrence, these facts reinforce Dr. Weisblat's good-faith belief that she had a protectable interest in the grant language at issue. She obtained a copyright registration for the 2013 grant application, her infringement claims relied on specific program language, and she appeared to rely on representations from NEOMED as a basis for believing that she obtained intellectual property interests in her work.

4

Despite delays resulting from Plaintiff's change of counsel, the Court finds that the case generally took a regular course, including the exchange of discovery, an attempt at resolution through mediation, and a motion for summary judgment. Although Plaintiff appears to have brought this lawsuit in response to her termination from John Carroll University, and the parties have had a difficult relationship, these facts do not in the Court's view tip the balance in favor of an award of fees where, as here, Dr. Weisblat had a sufficient, if mistaken, basis for her claim.

Further, this case does not present the type of circumstance involving recurring copyright violations that warrant an award of fees to compensate and deter. To the contrary, an award of fees in this case might deter good-faith claims in the future. *See Jones v. Blige*, 558 F.3d 485, 494–95 (6th Cir. 2009).

After considering the totality of the circumstances and the record as a whole, the Court finds that an award of attorneys' fees in this case is consistent with the purposes of the Copyright Act.

## II. Costs

Rule 54 states that costs generally "should be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), but the decision to award costs is ultimately discretionary, *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The Court "may tax as costs" clerk and marshal's fees, transcript fees, docket fees, and other categories of expenses. 28 U.S.C. § 1920. The party seeking recovery must file a bill of costs itemizing the amount due, which the Court may then review. Fed. R. Civ. P. 54(d)(1). Movants have not filed a bill of costs. (*See* ECF No. 175, PageID #7298.) Accordingly, the Court has no occasion to consider costs further.

5

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motions for fees. (ECF No. 38; ECF No. 44).

**SO ORDERED.**

Dated: February 18, 2025

*[signature]*

J. Philip Calabrese
United States District Judge
Northern District of Ohio